J-S62037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS E. ROBINSON | |
| Appellant | No. 3614 EDA 2013 |

Appeal from the PCRA Order November 18, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002653-1996

BEFORE:  ALLEN, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                **FILED DECEMBER 01, 2014**

Thomas E. Robinson appeals *pro se* from the order entered November 18, 2013, in the Court of Common Pleas of Montgomery County that dismissed, as untimely, his sixth[1] Post Conviction Relief Act ("PCRA") petition.[2]  In 1996, Robinson was convicted of first-degree murder and sentenced to life imprisonment.  This Court affirmed the judgment of sentence, and Robinson did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.  *See Commonwealth v. Robinson*, 718

_____

[1] Robinson previously sought collateral relief by filing PCRA petitions, and petitions for writs of *habeas corpus*, which were treated as PCRA petitions. All such attempts were unsuccessful. *See Commonwealth v. Robinson*, 34 A.3d 239 [1190 EDA 2011] (Pa. Super. 2011) (unpublished memorandum) (discussing procedural history in fifth PCRA appeal), *appeal denied*, 38 A.3d 824 (Pa. 2012).

[2] 42 Pa.C.S. §§ 9541–9546.

A.2d 861 [No. 33 Philadelphia 1997] (Pa. Super. 1998) (unpublished memorandum). In this appeal, Robinson contends that he has satisfied the statutory exceptions to the PCRA's time limitation that allow review of an untimely petition. We disagree with Robinson and affirm.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2014) (quotations and citation omitted), *cert. denied*, 134 S. Ct. 2695 (2014). "The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature." **Id.** (citation omitted).

All PCRA petitions must be filed within one year of the date the judgment of sentence becomes final,[3] unless the petition alleges, and the petitioner proves, that one of the three enumerated exceptions to the time for filing requirement is met. **See** 42 Pa.C.S. § 9545(b)(1). In previous appeals, this Court has determined that Robinson's judgment of sentence became final in 1998.[4]

_____

[3] A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3).

[4] **See Commonwealth v. Robinson**, 981 A.2d 932 [326 EDA 2009] (Pa. Super. 2009) (unpublished memorandum, at 4) (third PCRA appeal); **Commonwealth v. Robinson**, 924 A.2d 697 [353 EDA 2006] (Pa. Super. 2007) (unpublished memorandum, at 3–4) (second PCRA appeal), *appeal denied*, 926 A.2d 973 (Pa. 2007).

On January 13, 2012, Robinson filed in this Court two requests for relief at 353 EDA 2006, which is the Superior Court docket number for Robinson's **second** PCRA appeal.[5]  On February 27, 2012, this Court issued the following *per curiam* order:

> The Petitioner's Request for Leave to Re-Open Appeal in Light of New Evidence Proving that this Court Egregiously Denied him PCRA Relief After Considering a Brief Prepared by a Mental [sic] Ill and Substance Abusing PCRA Counsel Thomas R. Quinn," and an "Application for Relief Pursuant to Pa.R.App.P. Rule 123" [sic] are denied **without prejudice to seek the requested relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.**

Order, 2/27/2012 (emphasis added).  Robinson filed the PCRA petition underlying this appeal on April 4, 2012.  The PCRA court issued notice of intent to dismiss in accordance with Pa.R.Crim.P. 907, and Robinson filed *pro se* objections to the court's notice.  On November 18, 2013, the PCRA court dismissed the petition as untimely, and this appeal followed.

---

[5] Robinson filed his second PCRA petition in April 2005.  **See Commonwealth v. Robinson, supra**, 924 A.2d 697 [353 EDA 2006] (Pa. Super. 2007) (unpublished memorandum, at 2).

Robinson had filed his first PCRA petition on April 1, 1999.  **See Commonwealth v. Robinson**, 769 A.2d 1209 [289 EDA 2000] (Pa. Super. 2000) (unpublished memorandum) (reversing PCRA court's order denying PCRA relief and permitting withdrawal of counsel, and remanding for further proceedings); **Commonwealth v. Robinson**, 792 A.2d 618 [1559 EDA 01] (Pa. Super. 2001) (unpublished memorandum) (*pro se* appeal; affirming PCRA court order), *appeal denied*, 805 A.2d 522 (Pa. 2002).

Preliminary to our discussion, we address Robinson's contention that the PCRA court "erroneously treated [Robinson's] re-filed 2nd PCRA/Habeas Corpus as [a] sixth PCRA petition and subsequently dismissed it as untimely." Robinson's Brief in Support [of] Re-Filed Second PCRA and Habeas Corpus Relief, at 10. Robinson states in his *pro se* brief: "The Pa. Superior Court directed [Robinson] to re-file this [second] petition …." ***Id.*** Robinson misconstrues this Court's order.

This Court's order did **not** direct Robinson to file the present petition. This Court did **not** direct Robinson to "**re-file**" his second PCRA petition that has already been litigated. ***See Commonwealth v. Robinson***, 924 A.2d 697 [353 EDA 2006] (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 926 A.2d 973 (Pa. 2007). Rather, this Court denied Robinson's requests for relief "without prejudice to seek the requested relief pursuant to the Post Conviction Relief Act[.]" Order, 2/27/2012, ***supra***. As such, this Court did not "direct" Robinson to "re-file" his second petition.

We agree with the PCRA court that Robinson's present petition, filed *pro se* on April 4, 2012, is his sixth PCRA petition. **See** PCRA Court Opinion, 11/18/2013. In light of the PCRA's one-year time bar, it is patently untimely unless Robinson pleads and proves an exception to the PCRA's one year time bar. The timeliness exceptions are set forth in the PCRA as follows:

**(b) Time for filing petition.—**

(1)     Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of

- 4 -

the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1), (2).

Here, Robinson argues in his brief that the three statutory exceptions are applicable to his petition. In that Robinson is claiming the present petition is a re-filed second petition, Robinson's arguments appear to relate to his second petition. *See* Robinson's Brief in Support [of] Re-Filed Second PCRA and Habeas Corpus Relief. However, as already stated, the instant petition must be treated as Robinson's sixth petition. We address the claimed exceptions in reverse order.

First, Robinson relies on the exception set forth at 42 Pa.C.S. § 9545(b)(1)(iii) for a newly recognized constitutional right that applies retroactively, and in support cites *Commonwealth v. Bennett*, 930 A.2d

1264 (Pa. 2007).[6]  This argument is unavailing.  As this Court noted in *Commonwealth v. Watts*, 23 A.3d 980 (Pa. 2011), the *Bennett* decision did not recognize a new constitutional right and therefore subsection 9545(b)(1)(iii) is "clearly inapplicable."  *Id.* at 984 n.3.

Nor does Robinson's petition satisfy the exception for "unknown facts," set forth at 42 Pa.C.S. § 9545(b)(1)(ii).  In support of this exception, Robinson relies on a May 2003 Senate Report, entitled "Minority Representation in Jury Selecting Process."

Subsection 9545(b)(1)(ii)'s exception has two components, which must be alleged and proved: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence.  *Commonwealth v. Bennett, supra*, 930 A.2d at 1271–1272.  Here, Robinson states in his brief that he became aware of the report on September 9, 2003,[7] four months after its issuance.  However, a petition invoking the "unknown facts" exception, based upon this report, was required to be filed within 60 days of the date the claim could have been

---

[6] In *Bennett*, the Pennsylvania Supreme Court held that when a petitioner claims he was abandoned on appeal by former counsel, he may successfully invoke subsection 9545(b)(1)(ii) if he can establish that the facts upon which his claim is predicated were unknown to him and could not have been discovered through the exercise of due diligence. *Bennett*, 930 A.2d at 1271.

[7] Robinson's Brief in Support [of] Re-Filed Second PCRA and Habeas Corpus Relief, at 19.

presented. *See* 42 Pa.C.S. § 9545(b)(2), *supra*. Robinson's present petition fails to comply with this requirement.

Lastly, Robinson claims he satisfied the exception for governmental interference, set forth at 42 Pa.C.S. § 9545(b)(1)(i). Specifically, Robinson claims that the Commonwealth improperly interfered with Robinson's direct appeal and first PCRA petition by failing to appoint counsel to represent him in those appeals. However, Robinson's direct appeal was decided by this Court on May 5, 1998, and Robinson was aware of counsel's abandonment in August, **1998** when he filed a petition for allocatur *nunc pro tunc* in the trial court.[8] Likewise, Robinson proceeded *pro se* in his **1999** appeal from the denial of his first PCRA petition after counsel withdrew pursuant to a no-merit letter, and he was aware during those proceedings that he did not have appellate PCRA counsel.[9] Therefore, the present petition, alleging these claims of governmental interference, does not meet the 60-day requirement of Section 9545(b)(2).

_____

[8] *See Commonwealth v. Robinson*, 769 A.2d 1209 [289 EDA 2000] (Pa. Super. 2000) (unpublished memorandum, at 1).

[9] *See Commonwealth v. Robinson*, 769 A.2d 1209 [289 EDA 2000] (Pa. Super. 2000) (unpublished memorandum) (reversing PCRA court's order and remanding for further proceedings); *Commonwealth v. Robinson*, 792 A.2d 618 [1559 EDA 01] (Pa. Super. 2001) (unpublished memorandum) (*pro se* appeal; affirming PCRA court order), *appeal denied*, 805 A.2d 522 (Pa. 2002).

Finally, to the extent that Robinson claims in his brief that "a few years after petitioner's 2nd PCRA appeal [] petitioner obtain[ed] a copy of PCRA counsel['s] [] misconduct and … mental illness,"[10] we note that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000).

In sum, the present petition is Robinson's sixth petition, the petition is patently untimely, and no statutory exception is applicable to this petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2014

---

[10] Robinson's Brief in Support [of] Re-Filed Second PCRA and Habeas Corpus Relief, at 9–10.